**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edmund Powers,<br><br>    Plaintiff,<br><br>v.<br><br>Lillian Dauod, et al.,<br><br>    Defendants. | No. CV-23-00508-PHX-KML (JZB)<br><br>**ORDER** |

    In March 2023, plaintiff Edmund Powers filed this suit pro se. (Doc. 1.) A scheduling order issued in October 2023 provided the parties time to conduct discovery and set a dispositive motion deadline in June 2024. (Doc. 42.) The dispositive motion deadline was extended twice and in August 2024, defendants filed a timely motion for summary judgment. (Doc. 55, 65, 67.) On December 19, 2024, Powers filed a handwritten opposition. (Doc. 132.) Defendants filed a reply on January 30, 2025. (Doc. 142.) At the same time the summary judgment motion was being briefed, Powers filed numerous motions. (Doc. 112, 114, 118, 131, 138.) Powers died before the court ruled on the parties' motions. (Doc. 145.)

    Kelle Powers Smith requests the court substitute her as the plaintiff because she is the personal representative of the Edmund Powers Estate. (Doc. 157.) Smith also requests the court "reinstate the pending motions and schedule a scheduling conference to set reasonable deadlines in this case." (Doc. 157 at 1.) Defendants NaphCare Inc., and Lillian Dauod filed a separate request for the court to reinstate the motions that were pending at

the time of Powers's death. (Doc. 158.)

Smith's request to be substituted as plaintiff is granted but her request to reinstate the pending motions is denied. Reinstating the motions would result in the court resolving the motion for summary judgment based on an opposition Powers filed without the benefit of counsel. Similarly, the motions filed by Powers would be improved—or possibly deemed unnecessary—by the assistance of counsel. To allow for resolution of the pending claims on their merits, the parties are given a deadline to file whatever motions they believe appropriate. If defendants wish to refile the same motion for summary judgment, they may do so, but if a motion for summary judgment is filed Smith must file an opposition that complies with the formatting and length requirements. If Smith wishes to refile motions Powers previously filed, she may do so provided the motions are formatted correctly and signed by counsel. If defendants file a motion for summary judgment, Smith must respond to that motion within the normal briefing deadline. Finally, the parties previously completed discovery and there is no need for the court to hold a scheduling conference.

Accordingly,

**IT IS ORDERED** the Motion to Substitute (Doc. 157) is **GRANTED IN PART** and **DENIED IN PART**. Kelle Powers Smith is **SUBSTITUTED** in place of Edmund Powers as plaintiff in this matter. The request to reinstate the pending motions is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Reinstate (Doc. 158) is **DENIED**.

**IT IS FURTHER ORDERED** no later than **August 29, 2025**, the parties shall refile any motions they believe appropriate.

Dated this 19th day of August, 2025.

Honorable Krissa M. Lanham
United States District Judge